## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Troubleshooter Network, Inc., and
Thomas G. Martino,

      Plaintiffs,

v.                                 Case No.

HomeAdvisor, Inc., and
ANGI Homeservices, Inc.

      Defendants.

---

### VERIFIED COMPLAINT AND JURY DEMAND

---

      Plaintiffs Troubleshooter Network, Inc. and Thomas G. Martino ("Plaintiffs"), by and through their attorneys, for its Complaint against Defendants HomeAdvisor, Inc. and ANGI Homeservices Inc. ("Defendants") states as follows:

**I.      The Parties**

      1.      Plaintiff Martino is an individual residing in the state of Colorado.

      2.      Mr. Martino, often referred to simply as "Tom Martino," is a well-known online consumer advocate and talk radio host who is also known as "The Troubleshooter." Mr. Martino hosts a syndicated radio show, "The Troubleshooter Show," which airs from radio station KHOW in Denver, Colorado, is also syndicated to KRDO radio in Colorado Springs, and heard nationally (live and recorded) on You Tube, Facebook and the iHeart Radio app. Podcasts of the show are also available on iTunes. Mr. Martino provides business and consumer advice to listeners on his "Troubleshooter" radio show. In addition to a 44-year radio career, Mr. Martino has spent more than thirty-two of those years as a television consumer reporter in the Denver

area.  As a result, Mr. Martino is extremely well known in Colorado and has amassed a tremendous amount of good will in the area of consumer advice and advocacy.

3.      Plaintiff Tom Martino is also paid by certain businesses, which have passed his background checks, to receive direct personal endorsements. The purchase of endorsements from Mr. Martino costs up to $250,000 per year, depending on several factors including the type of business and the size of the company.

4.      Plaintiff Troubleshooter Network is a corporation organized in the state of Colorado and having a principal office address of 4695 S. Monaco Street, #111, Denver, Colorado 80237.  Troubleshooter Network has been operating at least since 1993.

5.      Plaintiff Troubleshooter Network runs the Referral List website at www.referrallist.com that promotes Mr. Martino and offers referral services for businesses that have passed strict background checks required by Troubleshooter Network and Mr. Martino, and maintain excellence in business ethics and customer service.

6.      Plaintiff Troubleshooter Network also produces "The Troubleshooter Show" radio program which features Mr. Martino as a radio personality addressing issues concerning consumer protection and unfair or bad business practices.

7.      Upon information and belief, Defendant HomeAdvisor is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 14023 Denver West Pkwy, Golden, Colorado 80401, and having a registered agent for service of process at The Corporation Company, 7700 E Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

8.      Upon information and belief, based on its website at www.homeadvisor.com, Defendant HomeAdvisor provides referral services to connect connects consumers with service

professionals nationwide for home repair, maintenance and improvement projects ("the HomeAdvisor digital marketplace service").

9.      Upon information and belief, Defendant ANGI Homeservices is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 14023 Denver West Pkwy, Golden, Colorado 80401.

10.     Upon information and belief, based on its SEC filings, Defendant ANGI Homeservices owns and operates the HomeAdvisor digital marketplace service in the United States.

11.     Upon information and belief, Defendant ANGI Homeservices markets the HomeAdvisor digital marketplace service to consumers through digital marketing such as paid search engine marketing, and to service professionals through its Golden, Colorado based sales force.

## II.     Jurisdiction and Venue

12.     This case arises primarily under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has original federal jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

13.     This Court has personal jurisdiction over Defendants because each Defendant is a corporation with its principal place of business located within Colorado.

14.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 because each Defendant resides in this Judicial District.

## III.    General Allegations

15.     Mr. Martino has been a television consumer reporter, advertising spokesperson and radio talk show host for 44 years, at least thirty-two of which he spent in Denver.  Mr.

3

Martino is well-known and has achieved fame under the moniker "Tom Martino" for his ongoing work in the field of consumer advocacy.

16.     As a result of his substantial name recognition as a consumer advocate, Mr. Martino's name "Tom Martino" is of significant commercial value, and his referrals are highly valuable to businesses.

17.     Mr. Martino is the owner of Troubleshooter Network, a Colorado corporation.

18.     Plaintiff Troubleshooter Network is the registrant for the referrallist.com domain, and Mr. Martino is the administrative contact for that domain.

19.     Troubleshooter Network owns and operates the Referral List website at www.referrallist.com.

20.     On the Referral List website at www.referrallist.com, businesses can apply to put their names on "Tom Martino's Referral List."  The Tom Martino Referral List comprises a constantly changing list of businesses reviewed and approved by Mr. Martino that is published online for access by consumers.

21.     Troubleshooter Network has been promoting and publishing a referral list of businesses specifically reviewed and approved by consumer advocate Tom Martino since at least 1998.  The name of consumer advocate Tom Martino is widely recognized within the trade and by the public and has built up extensive goodwill.

22.     The referral list that is published by the Troubleshooter Network is well known by businesses and consumers in Colorado and other states as "TOM MARTINO'S REFERRAL LIST."

23.     Troubleshooter Network has invested hundreds of thousands of dollars in advertising, marketing and promoting Tom Martino and the referral list services provided to

businesses and consumers.  That investment has included the running of the Referral List website, the Facebook page for Tom Martino's Referral List, the constant maintaining and updating of Tom Martino's Referral List, digital marketing of the Referral List website, and the running of a consumer advocacy radio program featuring Tom Martino in which he regularly references and talks about Tom Martino's Referral List.

24.     Since at least 2000, Troubleshooter Network has repeatedly used, with the permission of Mr. Martino, the "TOM MARTINO" Service Mark and "TOM MARTINO'S REFERRAL LIST" Mark in commerce when referencing the business review, approval and referral services provided by Mr. Martino, as described in detail on www.referrallist.com (copy of a printed webpage from the Referral List website is attached as Exhibit A), on related social media pages such as Facebook (copy of printed home page attached as Exhibit B), and by Mr. Martino on Troubleshooter Network's nationally syndicated consumer advocacy radio program.

25.     Because of the value of Tom Martino's name and advocacy, businesses pay monthly membership fees to the Troubleshooter Network to be reviewed by Mr. Martino, placed on Tom Martino's Referral List, and to use the TOM MARTINO Service Mark and the TOM MARTINO'S REFERRAL LIST Mark on their websites.  Those membership fees average $4800 per year, per business.

26.     Over the years, many thousands of Colorado businesses have contracted to be reviewed by consumer advocate Tom Martino in order to be placed on Tom Martino's Referral List.

27.     During that same time period, upon information and belief, millions of consumers have relied on Tom Martino's Referral List when searching for Colorado businesses.

28.     The TOM MARTINO'S REFERRAL LIST Mark is inherently distinctive to the public and trade, as it has been in commercial use by Troubleshooter Network since at least 2000 and refers directly to the business review, approval and referral services provided by Tom Martino through the Troubleshooter Network.

29.     The TOM MARTINO Service Mark is inherently distinctive to the public and trade, as it has been in commercial use by Troubleshooter Network since at least 1998 and refers to the services provided by Tom Martino through the Troubleshooter Network.

30.     As a result of the long-term use by Troubleshooter Network of the TOM MARTINO'S REFERRAL LIST Mark and TOM MARTINO Service Mark: (a) the public uses the TOM MARTINO'S REFERRAL LIST Mark and TOM MARTINO Service Mark to identify Troubleshooter Network with services of this type bearing these trademark designations; and (b) said marks have built up secondary meaning and extensive goodwill.

31.     Troubleshooter Network operates the "The Troubleshooter Show" radio program featuring Mr. Martino as a consumer advocate and talk radio host in conjunction with its operation of the Referral List website.

32.     The Troubleshooter Show radio program with "Tom Martino" has operated since at least as early as January 1997.

33.     Plaintiff Troubleshooter Network is the owner of U.S. Registration No. 3827397 for the TOM MARTINO trademark (the "TOM MARTINO Radio Mark") for "Radio entertainment services, namely, radio programs featuring performances by a radio personality." Copy of TOM MARTINO trademark registration attached as Exhibit C.

34.     Plaintiff Troubleshooter Network has nationally and continuously used the TOM MARTINO Radio Mark in connection with radio programming, including "The Troubleshooter

Show" radio program featuring Mr. Martino as a consumer advocate, talk radio host and TV personality, since at least January 1997.

35.     The TOM MARTINO Radio Mark is incontestable.

36.     Mr. Martino performs on "The Troubleshooter Show" radio program regularly.

37.     Mr. Martino regularly promotes the Referral List website and the Tom Martino Referral List on the "The Troubleshooter Show" radio program, which is syndicated to KRDO radio in Colorado Springs, and heard nationally (live and recorded) on You Tube, Facebook and the iHeart Radio app. Podcasts of the show are also available on iTunes.

38.     Mr. Martino is famous in the Denver area where Defendants HomeAdvisor and ANGI Homeservices have their principal offices.

39.     The TOM MARTINO'S REFERRAL LIST Mark, the TOM MARTINO Service Mark and the TOM MARTINO Radio Mark (the "Troubleshooter Marks") are famous in the Denver area where Defendants HomeAdvisor and ANGI Homeservices have their principal offices.

## IV.    Defendants' Tortious Acts

40.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices provide referral services to homeowners that are seeking home improvement services.

41.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices advertise online that consumers using their services will receive information for up to four "local home improvement pros," and that said businesses will contact the consumers "to discuss your project."  Copy of printed webpage from the HomeAdvisor website is attached as Exhibit D.

42.     Defendants HomeAdvisor and ANGI Homeservices are direct competitors of the Troubleshooter Network.

43.     In August 2018, Plaintiffs discovered that Defendants HomeAdvisor and ANGI Homeservices were using, without notice, license or permission, the TOM MARTINO'S REFERRAL LIST Mark, the TOM MARTINO Service Mark and the TOM MARTINO Radio Mark (the "Troubleshooter Marks") in its own internet search advertising on the Bing search engine.

44.     Upon information and belief, parties searching on Bing for the words "Tom Martino's Referral List," "Tom Martino refer list," or various combinations thereof, are shown Internet search engine ads titled "Tom Martino Referral List" both at the top and bottom of the search result page. *See, e.g.*, Exhibits E, F, G, H, I, J and K.

45.     Upon information and belief, parties clicking on these advertisements are taken to the home page of the HomeAdvisor website at www.homeadvisor.com.  A copy of the printed home page of the HomeAdvisor website is attached as Exhibit L.  That page provides a large window in the center with the question "What service do you need?" in a text search box with a "Find Pros" search button—an invitation to seek a referral from HomeAdvisor.  Id.

46.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices charge each business service professional on its list a yearly membership fee as well as an additional lead fee of between $16 to $107 per lead every time a customer is referred to the member business service professional and the lead fee is charged regardless of whether or not the member business or service professional is hired to perform work in connection with the lead.

47.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices market services to consumers primarily through digital marketing such as paid search engine marketing.

48.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices have run and are running these search engine ads in an effort to willfully mislead and misdirect consumers searching the Internet for services provided by the Troubleshooter Network.

49.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices are running these ads in a willful effort to unfairly take advantage of the value of the TOM MARTINO'S REFERRAL LIST Mark, the TOM MARTINO Service Mark and the TOM MARTINO Radio Mark ("The Marks") by making consumers believe that they each reference HomeAdvisor, rather than the Troubleshooter Network, its direct competitor.

50.     As of September 13, 2018, that misleading click advertising is continuing to appear on at least the Bing search engine when consumers conduct searches for the Tom Martino referral list, or variations of the same.  *See, e.g.*, Exhibit M

51.     Upon information and belief, consumers frequently search for the Tom Martino referral list, or variations of the same.

52.     On information and belief, Defendants HomeAdvisor and ANGI Homeservices directly control this Internet advertising.

53.     Plaintiffs have been contacted by multiple consumers and vendors expressing direct confusion as a result of Defendants' infringing use of the Troubleshooter Network's Marks.

54.     Upon information and belief, Defendants' use of the Troubleshooter Marks in connection with the advertising, promotion and sales of their products is dilutive, deceptive and creates a likelihood of confusion.

55.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices are using the Troubleshooter Marks and Mr. Martino's name to trade unlawfully on the goodwill and reputation of Troubleshooter Network in their efforts to sell their products.

56.     Upon information and belief, the actions of Defendants HomeAdvisor and ANGI Homeservices are causing commercial harm to Troubleshooter Network and Mr. Martino.

57.     Plaintiffs Troubleshooter Network and Mr. Martino require that any business requesting Mr. Martino's personal endorsement undergo Mr. Martino's required business review and approval as well as pay an endorsement fee.  For example, a regional business can expect to pay an endorsement fee of up to $250,000 per year, depending on the size of the company.

58.      Upon information and belief, Defendants' unauthorized use of Mr. Martino's name in its internet click advertising is causing consumer searches for Mr. Martino's Referral List to misdirect to www.homeadvisor.com, falsely suggesting that Mr. Martino has personally endorsed HomeAdvisor as a direct provider of his business referral services.

59.     Defendants HomeAdvisor and ANGI Homeservices have entered into no endorsement agreement with Troubleshooter Network and with Mr. Martino.

60.     Upon information and belief, Defendant HomeAdvisor is involved in at least one lawsuit alleging that HomeAdvisor engages in certain deceptive practices affecting the service professionals who join its network, including charging them for substandard customer leads or failing to disclose certain charges.

61.     Upon information and belief, Defendants willful infringement has caused significant injury to Troubleshooter Network, has diluted the Troubleshooter Marks, diminished the value of the Troubleshooter Marks, and diminished the value of Tom Martino's name.

62.     On information and belief, Defendants HomeAdvisor and ANGI Homeservices have been unjustly enriched by its false association with Mr. Martino.

**V.      Causes of Action**

**FIRST CLAIM FOR RELIEF**
**Federal Unfair Competition and False Advertising**
**Under 15 U.S.C. §§ 1125(a)(1)(A) and (B)**

1.      Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

2.      Plaintiff Troubleshooter Network has used its TOM MARTINO Service Mark in commerce since at least 1998.  Plaintiff Troubleshooter Network has continuously used the TOM MARTINO Service Mark in commerce since that time in connection with its business review, approval and referral services.

3.      Plaintiff Troubleshooter Network has used the TOM MARTINO'S REFERRAL LIST Mark in commerce since at least 2000.  Plaintiff Troubleshooter Network has continuously used the TOM MARTINO'S REFERRAL LIST Mark in commerce since that time in connection with its business review, approval and referral services.

4.      Plaintiff Troubleshooter Network has continuously used the TOM MARTINO Service Mark in commerce since at least 1998 in connection with its business review, approval and referral services.

5.      Plaintiff Troubleshooters Network owns U.S. Registration No. 3827397 for the TOM MARTINO Radio Mark.  Plaintiff Troubleshooter Network has used its TOM MARTINO Radio Mark in commerce since at least 1997.  Plaintiff Troubleshooter Network has continuously used the TOM MARTINO Radio Mark in commerce since that time in connection with "The

Troubleshooter Show" radio program which features Mr. Martino addressing consumer and business issues.

6.      On "The Troubleshooter Show" radio program, Mr. Martino discusses the referral services provided by himself and Plaintiff Troubleshooters Network on the Referral List website at www.referrallist.com.

7.      Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices have used and are using the Troubleshooter Marks and the name "Tom Martino" in unauthorized click advertising.

8.      Upon information and belief, HomeAdvisor and ANGI Homeservices have used and are using internet click advertising displaying the Troubleshooter Marks and the name "Tom Martino" in order to divert consumers to www.homeadviser.com in an attempt to sell services to the same or a similar class of potential customers as those targeted by Troubleshooter Network and Mr. Martino.

9.      Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices have without authorization intentionally appropriated and used the Troubleshooter Marks and the name "Tom Martino"  in internet click advertising in order to misdirect and mislead consumers, to the benefit of Defendants HomeAdvisor and ANGI Homeservices and to the detriment of Plaintiffs Troubleshooter Network and Tom Martino.

10.     Upon information and belief, Defendants have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of services, wrongful deprivation of Troubleshooter Network and Mr. Martino's good name and reputation, and the wrongful deprivation of Troubleshooter Network's

right to public recognition and credit as the true source of the services associated with the Troubleshooter Marks.

11.     Defendants' unauthorized and infringing portrayal of its commercial click advertising as the Troubleshooter Marks misrepresents the nature, characteristics, and origin of Troubleshooter Network's goods and services, and constitutes intentional and knowing unfair competition, false designation of origin, passing-off and false or misleading descriptions or representations, all in violation of the Lanham Act's Section 43(a), 15 U.S.C. §1125(a).

12.     Upon information and belief, Defendants' acts described herein have been willful and deliberate.

13.     Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices have a bad faith intent to profit from the use, without license or permission, of the Troubleshooter Marks and Tom Martino's name.

14.     The confusing use of the Troubleshooter Marks has caused and will continue to cause the users, potential users, purchasers and potential purchasers of Troubleshooter Network's services to be confused as to the source of the products of the respective parties.

15.     The use of the Troubleshooter Marks without notice, license or permission has injured and is likely to continue to injure Plaintiff Troubleshooters Network and Mr. Martino, and harm the significant goodwill represented by the Troubleshooter Marks and by the name Tom Martino.

16.     Defendants have thus committed and are continuing to commit acts of unfair competition and false advertising in interstate commerce in violation of, *inter alia*, 15 U.S.C. §§ 1125(a)(1)(A) and (B).

## SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement
### Under 15 U.S.C. § 1117

17.     Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

18.     Plaintiff Troubleshooters Network owns U.S. Registration No. 3827397 for the TOM MARTINO Radio Mark.  Plaintiff Troubleshooter Network has continuously used the TOM MARTINO Radio Mark in commerce since at least 1997 in connection with "The Troubleshooter Show" radio program which features Mr. Martino addressing consumer and business issues.

19.     On "The Troubleshooter Show" radio program, Mr. Martino discusses the referral services provided by himself and Plaintiff Troubleshooters Network on the Referral List website at www.referrallist.com, and the public associates Mr. Martino with the referral services provided on the Referral List website.

20.     Defendants HomeAdvisor and ANGI Homeservices have used and are using internet click advertising displaying the TOM MARTINO Radio Mark to divert consumers to www.homeadviser.com in an attempt to sell its own services to the same or a similar class of potential customers as those targeted by Troubleshooter Network and Mr. Martino.  This confusing use of the TOM MARTINO Radio Mark has caused and will continue to cause the users, potential users, purchasers and potential purchasers of Troubleshooter Network's services to be confused as to the source of the products of the respective parties.

21.     Defendants HomeAdvisor and ANGI Homeservices have employed Internet click advertising that uses the TOM MARTINO Radio Mark without permission in order to confuse

14

consumers and create a false association between Plaintiffs and Defendants' referral services offered at Defendants' HomeAdvisor website.

22.    The use of the Troubleshooter Marks without notice, license or permission has injured and is likely to continue to injure Plaintiff Troubleshooters Network and Mr. Martino.

23.    Defendants have thus committed and is continuing to commit acts of trademark infringement in interstate commerce in violation of 15 U.S.C. § 1117.

24.    Plaintiff Troubleshooters Network seeks injunctive relief to prevent Defendants' continued infringement of the Troubleshooter Marks.  If Defendants are not enjoined from its wrongful and infringing conduct, Plaintiff Troubleshooters Network will continue to suffer harm for which there is no adequate remedy at law.

25.    Plaintiff Troubleshooters Network also entitled to damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### Invasion of Privacy by Appropriation

26.    Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

27.    Upon information and belief, Defendants HomeAdvisor and ANGI Homeservices used Plaintiff Tom Martino's famous name in bad faith and without authorization.

28.    Upon information and belief, Defendants' use of Plaintiff Tom Martino's famous name in connection with Internet advertising for its HomeAdvisor website was for Defendants' own purposes or benefit.

29.    Defendants' actions have been for commercial gain and have created a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Tom Martino.

30.     Defendants HomeAdvisor and ANGI Homeservices at no time acted with the endorsement of Tom Martino.

31.     Defendants' actions have caused direct injury to Plaintiff Tom Martino and harmed the goodwill represented by his name built up through his long career in media including television and radio fighting for consumers and against bad business practices.

32.     Defendants' actions are and were intentional, knowing, and willful.

33.     As a result of Defendants' activities, Plaintiff has been damaged by an amount to be proved at trial.

**Fourth Claim for Relief**
**Common Law Trademark Infringement**
**and Unfair Competition**

34.     Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

35.     Defendants' actions as described herein have caused and are likely to cause significant confusion with Plaintiff Troubleshooter Network's established and superior trademark rights and otherwise unfairly compete with Plaintiff. The consuming public is likely to be deceived by Defendants' use of the Troubleshooter Marks.

36.     Defendants' conduct constitutes trademark infringement and unfair competition under Colorado common law.

37.     Defendants' acts of trademark infringement and unfair competition have caused and will continue to cause damage and irreparable harm to Plaintiffs, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff Troubleshooter Network and to the valuable goodwill symbolized by and associated with its Troubleshooter Marks, unless enjoined and restrained by the Court.

38.     Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to the Troubleshooter Marks, their goodwill, and reputation.

39.     On information and belief, Defendants' trademark infringement and unfair competition is and was knowing and willful.

40.     As a result of Defendants' activities, Plaintiffs have been damaged in an amount to be proved at trial.

**Fifth Claim for Relief**
**Deceptive Trade Practices Under the**
**Colorado Consumer Protection Act, C.R.S. § 6-1-105**

41.     Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

42.     Defendants' deceptive use of the Troubleshooter Marks and of Mr. Martino's name constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-105, because by such use Defendants are knowingly (1) passing off their services as those of another, (2) making false representations as to the source, sponsorship, approval, and/or certification of their services, and (3) making a false representation as to affiliation, connection, and/or association with or certification by the Plaintiff.

43.     Defendants' conduct has been and continues to be knowing, willful, deliberate, and in bad faith, with malicious intent to deceive and to trade on the goodwill associated with the Troubleshooter Marks and Mr. Martino's name.

44.     Defendants' deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of the Plaintiffs' services.

45.     By its conduct, Defendants have harmed and deceived the public and inflicted damage and irreparable injury upon Plaintiff for which it has no adequate remedy at law, and Defendants will continue to do so unless restrained and enjoined by this Court from further infringement of the Troubleshooter Marks and use of Tom Martino's famous name.

46.     On information and belief, Defendants have received significant revenues and profits as a result of its unfair and deceptive conduct, to which Defendants are not entitled, and Plaintiff also has suffered damages as a result of Defendants' unlawful conduct, for which Defendants are responsible.

47.     Plaintiffs are entitled to damages in amounts to be proven at trial.

48.     Plaintiffs are entitled to treble damages for Defendants' bad faith conduct pursuant to C.R.S. §6-1-113(2)(a)(III).

49.     Plaintiffs are entitled to an award of their attorney's fees and costs pursuant to C.R.S. §6-1-113(2)(b).

**Sixth Claim for Relief**
**Unjust Enrichment**

50.     Plaintiffs incorporate by reference each and every allegation made in the proceeding paragraphs.

51.     On information and belief, Defendants' false advertising using the Troubleshooter Marks and Mr. Martino's name increased traffic to Defendants' HomeAdvisor website.

52.     Plaintiffs Troubleshooter Network and Mr. Martino require significant payments for endorsements from Mr. Martino.

53.     Defendants HomeAdvisor and ANGI Homeservices provided no notice, obtained no license, and paid no licensing fees to Plaintiffs.

54. As a result of Defendants' activities, Defendants have been unjustly enriched in an amount to be proved at trial.

## VI.    Prayer for Relief

1. WHEREFORE, Plaintiffs Troubleshooter Network and Mr. Martino respectfully request that the Court enter judgment against Defendants HomeAdvisor and ANGI Homeservices as follows:

2. That Defendants be required to cease all use of the Troubleshooter Marks and the name of Tom Martino, or any derivation thereof, including but not limited to in the form of internet advertising;

3. That Defendants cease further intentional infringement and dilution of the Troubleshooter Marks and the name of Tom Martino;

4. That Defendants file with the Court and serve upon Plaintiffs within 30 days of the entry of injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

5. That the Court enter a judgment finding that Defendants have intentionally and willfully infringed the Troubleshooter Marks;

6. That the Court enter a judgment finding that Defendants have engaged in unfair competition and false advertising by willfully using the Troubleshooter Marks;

7. That the Court enter a judgement finding that Defendants have engaged in dilution of the Troubleshooter Marks.

8. That the Court enter a judgment finding that Defendants have committed invasion of privacy by appropriating for its own commercial use the "Tom Martino" name without the permission of Plaintiff Tom Martino;

9.      That the Court enter a judgement finding that Defendants have committed trademark infringement and unfair competition under Colorado common law.

10.     That the Court order Defendants to account for and disgorge to Plaintiffs all profits realized while infringing upon the Troubleshooter Marks, committing false advertising, unfair competition and violating Mr. Martino's right of privacy by appropriation;

11.     That the Court order Defendants to pay all license, publication, and use fees appropriately reflecting its unauthorized appropriation and use of Mr. Martino's name in its click advertising;

12.     That the Court enter an award of actual damages suffered by Plaintiffs as a consequence of Defendants' unlawful acts;

13.     That the Court enter an award of treble damages, attorney's fees and costs pursuant to C.R.S. 6-1-113(2)(a)(III) and C.R.S. §6-1-113(2)(b), and/or enter a finding that this case is an exceptional one justifying an award of attorney's fees and costs under 15 U.S.C. § 1117(a);

14.     That the Court order Defendants to pay Plaintiffs' costs and expenses incurred in and related to this action;

15.     That the Court award such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.


Date: September 14, 2018                    Respectfully submitted,

                                           *s/ Thomas P. Howard*
                                           Thomas P. Howard
                                           James Juo
                                           Thomas P. Howard, LLC
                                           842 W South Boulder Rd., #100
                                           Louisville, CO 80027
                                           303-665-9845
                                           303-665-9847 (fax)
                                           *thoward@thowardlaw.com*
                                           *jjuo@thowardlaw.com*

## <u>Verification of Plaintiffs</u>

I, Thomas G. Martino, on behalf of myself and Co-Plaintiff Troubleshooter Network, Inc., verify and affirm that I have read the foregoing Verified Complaint and that the statements set forth therein are true and correct to the best of my knowledge.

Dated this 13th day of September, 2018.

_____
Thomas G. Martino, Individually
and on behalf of Troubleshooter Network, Inc.

# Exhibit List

| | |
|---|---|
| Exhibit A | Copy of printed webpage from referrallist.com |
| Exhibit B | Copy of printed Facebook page for Tom Martino's Referral List |
| Exhibit C | Copy of U.S. Registration No. 3,827,397 for "TOM MARTINO" |
| Exhibit D | Copy of printed webpage from homeadvisor.com |
| Exhibit E | Copy of printed search page results for "tom martino referral list" |
| Exhibit F | Copy of printed search page results for "tom martino's referral list" |
| Exhibit G | Copy of printed search page results for "tom martino referrallist" |
| Exhibit H | Copy of printed search page results for "tom martino refer list" |
| Exhibit I | Copy of printed search page results for "referralist tom martino's" |
| Exhibit J | Copy of printed search page results for "list referral tom martino" |
| Exhibit K | Copy of printed search page results for "tom martino referral list troubleshooter" |
| Exhibit L | Copy of landing page for homeadvisor.com |
| Exhibit M | Copy of printed search page results for "tom martino referral list denver metro" |