# N THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  18-cv-02362-WJM-STV

TROUBLESHOOTER NETWORK, INC., and
THOMAS G. MARTINO

      Plaintiffs,

v.

HOMEADVISOR, INC., and
ANGI HOMESERVICES, INC.

      Defendants.

---

**JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), the parties in the above-captioned case (the "Litigation") have stipulated and agreed, subject to the approval and order of the United States District Court for the District of Colorado (the "Court"), that the following Joint Stipulated Confidentiality Agreement and Protective Order ("Order") shall govern the handling of "Material," as defined below, in this Litigation.

THEREFORE, upon a showing of good cause in support of the entry of a protective order to govern the handling of Material in this Litigation, IT IS HEREBY ORDERED:

**A.**    **Definitions**

    1.    "Party":  a named party in the Litigation (and with other parties, the "Parties"), including any Party's officers, directors, employees, consultants, retained experts, and outside

counsel (and their support staff), including parties that may be added to the Litigation after the date of the entry of this Order.

2. "Material": all "documents or electronically stored information" (as that quoted language is interpreted under Fed. R. Civ. P. 34(a)), and/or things, including, but not limited to, deposition testimony, deposition exhibits, answers to interrogatories and other written discovery responses, affidavits, and declarations produced, served, exchanged or otherwise provided in the Litigation by the Parties or a person or entity not a party to the Litigation ("Non-Party"). "Material" does not include documents or electronically stored information, and/or things, that a Party lawfully possesses independent of the Litigation or acquires from a source other than a Producing Party (defined below) even if a duplicate of "Material."

3. "Confidential Material": all "documents or electronically stored information" (as that quoted language is interpreted under Fed. R. Civ. P. 34(a)), and/or things, including, but not limited to, deposition testimony, deposition exhibits, answers to interrogatories and other written discovery responses, affidavits, and declarations produced, served, exchanged or otherwise provided in the Litigation which is not generally known to others and is (a) non-public, proprietary, commercially sensitive, or competitively sensitive information; or (b) information protected by a right to privacy under federal or state law or other applicable privilege or right. Confidential Material shall not include Material made available to the public by a Producing Party or otherwise already in the public domain.

4. "Producing Party": a Party or Non-Party that produces Material in the Litigation.

5. "Receiving Party": a Party that receives Material from a Producing Party in the Litigation.

6. "Attorneys' Eyes Only Material": information that the Producing Party believes is Confidential Material and, if disclosed, would be likely to give an unfair competitive or business advantage to a Receiving Party or create a substantial risk of injury to the Producing Party. Such Attorneys' Eyes Only Material includes "trade secret or other confidential research, development, or commercial information" (as that quoted language is interpreted under Fed. R. Civ. P. 26(c)(1)(G)).

7. "Counsel of Record":  law firms that are counsel of record in the Litigation, including the firms' partners, associates and non-attorney employees, whether employed full or part-time or on a temporary basis, to whom it is reasonably necessary to disclose Material.

8. "In-House Counsel":  attorneys, paralegals and assistants who work for such attorneys and/or paralegals who are employees of a Party and are actively involved in managing, monitoring, supervising, or overseeing the activities of Counsel of Record and/or the Party's prosecution, defense or participation in this Litigation.

9. "Outside Consultant":  a person (and their assistants and staff) with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or becomes an employee of a Party during the Litigation.

10. "Professional Vendors":  persons or entities that provide litigation support services (e.g., imaging, copying, translating documents; videotaping or transcribing depositions; preparing exhibits, graphics, or demonstratives; collecting, storing, processing data in any form or medium) and their employees and subcontractors.  Professional Vendor includes a professional jury or trial consultant and mock jurors retained by such a consultant to assist them

in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.**     **Scope**

    11.    The protections conferred by this Order cover:

        (a)    all Confidential Material; and

        (b)    other materials generated in the Litigation that contain Confidential and Attorneys' Eyes Only Material, including but not limited to motions papers and other papers, including exhibits, submitted to or filed with the Court, and any information copied or extracted from the Confidential or Attorneys' Eyes Only Material, as well as all copies, excerpts, summaries, or compilations thereof.

    12.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. This Order shall not affect rules applicable to the admissibility of Material into evidence in this Litigation.

    13.    The procedures governing the use of Confidential and Attorneys' Eyes Only Material at trial shall be determined at a future date by the Court. This Order governs pretrial matters.

    14.    Nothing in this Order shall prohibit a Producing Party's use of its own Confidential and Attorneys' Eyes Only Material for any purpose.

    15.    Compliance with the terms of this Order shall not constitute an admission that Material is or is not (a) confidential, (b) privileged or otherwise protected, or (c) admissible in evidence at trial.

16. This Order is binding on the Parties and shall remain in full force and effect until modified, superseded, or terminated by order of the Court.

## C. **Confidential Material**

17. All Confidential Material exchanged during discovery shall be treated as Confidential by the receiving party. The treatment of Confidential Material under this Order is for discovery and pretrial purposes only.

18. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may only disclose Confidential Material received from the Producing Party to:

   (a) employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, defense or prosecution, or oversight of the Litigation, and who have signed the attached "Acknowledgement and Agreement to Be Bound by Protective Order" after a copy of the same has been served upon the Producing Party;

   (b) persons who appear on the face of Confidential Material as an author, addressee, recipient, copyee/cc, bcc, or persons that Counsel of Record believes in good faith to have received the Confidential Material in the ordinary course of business;

   (c) In-House Counsel;

   (d) Counsel of Record;

   (e) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the attached "Acknowledgement and Agreement to Be Bound by Protective Order" after a copy of the same has been served upon the Producing Party;

   (f) witnesses at deposition and/or hearings, provided that such witnesses may not retain copies of Confidential Material unless permitted by other provisions of this Order;

   (g) the Court and its personnel;

   (h) any designated arbitrator or mediator assigned to hear this matter;

   (i)  Court reporters; and

   (j)  Professional Vendors who have signed the attached "Acknowledgement And Agreement To Be Bound By Protective Order."

 19. Each person to whom Confidential Material may be disclosed, and who is required to sign the attached "Acknowledgement And Agreement To Be Bound By Protective Order;" shall do so prior to the time such Confidential Material is disclosed to him or her. Counsel of Record who collect executed acknowledgements shall retain them and, upon written request, provide copies to Counsel of Record for other Parties who request such acknowledgements.

 20. At the request of the Producing Party, persons not permitted access to Confidential Material under the terms of this Order shall not be present at depositions while the Producing Party's Confidential Material is discussed or otherwise disclosed.

### D. <u>Attorneys' Eyes Only Material</u>

 21. Attorneys' Eyes Only Material shall be subject to the same restrictions as Confidential Material, except that Attorneys' Eyes Only Material may be disclosed only to:

   (a)  Counsel of Record;

   (b)  In-House Counsel, except no Attorneys' Eyes Only Material shall be stored, recorded, or otherwise reside at any facility owned or controlled by a Receiving Party or on any equipment owned or controlled by a Receiving Party unless said Material is secured by password encryption;

   (c)  The Court and its personnel;

   (d)  any designated arbitrator or mediator assigned to hear this matter;

   (e)  Court reporters;

   (f)  Professional Vendors who have signed the "Acknowledgement And Agreement To Be Bound By Protective Order";

    (g)    A Producing Party's witness, during his or her deposition, if the witness is a current director, officer, employee, agent or Rule 30(b)(6) designee of the Producing Party. A Receiving Party may show the Producing Party's witness any document produced by the Producing Party; and it may show to any former director, officer, employee or agent of the Producing Party any document of the Producing Party that the Receiving Party's Counsel of Record, reasonably and in good faith, believes the former director, officer, employee or agent received in the ordinary course of his or her business duties;

    (h)    persons who appear on the face of Confidential Material as an author, addressee, recipient, copyee/cc, bcc, or persons that Counsel of Record believes in good faith to have received the Confidential Material in the ordinary course of business;

    (i)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" after a copy of the same has been served upon the Producing Party.

**E.**    **Procedure for Designating Confidential Material or Attorneys' Eyes Only Material**

22.    Subject to the limitations set forth in this Order, a Producing Party may designate as Confidential Material or Attorneys' Eyes Only any Material it believes in good faith meets the definition of Confidential Material set forth in Paragraph 3 of this Order, or Attorneys' Eyes Only Material set forth in Paragraph 6 of this Order.

23.    Unless otherwise agreed to in writing between a Producing Party and a Receiving Party, Confidential or Attorneys' Eyes Only Material must be so designated prior to production by a Producing Party.

24.    Designation shall be made as follows:

    (a)    For documents (apart from transcripts of depositions or transcripts of other pretrial proceedings), the Producing Party shall affix, in addition to a Bates number, the legend "CONFIDENTIAL" or "CONFIDENTIAL–

AEO" on each page that contains Confidential or Attorneys' Eyes Only Material. For electronically stored information not produced in a form that permits affixing a CONFIDENTIAL or CONFIDENTIAL–AEO legend, the file name of the electronic file shall include the CONFIDENTIAL or CONFIDENTIAL–AEO designation, and any electronic media containing such electronic files shall also bear the CONFIDENTIAL or CONFIDENTIAL–AEO designation.

(b) For testimony given in deposition, the transcript of the deposition will be treated as Attorneys' Eyes Only for thirty (30) calendar days after the date on which the court reporter releases the final transcript to the Parties. During that thirty (30) calendar day period, a Party may designate any portion(s) of the transcript as CONFIDENTIAL or CONFIDENTIAL–AEO by informing the court reporter and all other Parties in writing of such designations, by page/line identification. Alternately, the Party designating Material as Confidential or Attorneys' Eyes Only Material may specify, at or immediately following the time the testimony is given, any portions of the testimony to be designated as CONFIDENTIAL or CONFIDENTIAL–AEO. At the termination of the thirty (30) day period following the release of the final transcript, any testimony not designated shall not be treated as Confidential or Attorneys' Eyes Only, unless subsequently designated as such pursuant to the terms set forth in Paragraph 26 of this Order. For testimony designated as Confidential or

Attorneys' Eyes Only Material, the court reporter shall affix to the top of each transcript page containing Confidential Material the legend CONFIDENTIAL or CONFIDENTIAL–AEO.

(c)  For Confidential or Attorneys' Eyes Only Material that is produced in some form other than documentary or electronic, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend CONFIDENTIAL or CONFIDENTIAL–AEO.

(d)  For Confidential or Attorneys' Eyes Only Material that is to be disclosed before the Court during pretrial conferences, hearings or other pretrial proceedings, a Party intending to make the disclosure shall notify the Court at, or prior to, the beginning of the proceeding of its intention such that the Court may act to preserve the confidentiality of the Confidential or Attorneys' Eyes Only Material, including, but not limited to, having the court reporter seal relevant portions of the transcript of the pretrial proceeding.

(e)  For answers to interrogatories and other written discovery responses, Parties providing responses shall designate Confidential or Attorneys' Eyes Only Material by notifying the Receiving Party in its written responses of the specific portions of the responses that are Confidential or Attorneys' Eyes Only Material.

  (f)  Documents that do not meet the definition of Confidential or Attorneys' Eyes Only shall be identified by the Producing Party's Bates stamp and shall not be designated with a CONFIDENTIAL or CONFIDENTIAL–AEO label.

**F.**  **Use of Confidential Material and Attorneys' Eyes Only Material**

  25. Unless otherwise ordered by the Court or agreed to in writing by the Parties, Confidential Material, and Attorneys' Eyes Only Material shall be used by a Receiving Party only for purposes of this Litigation and shall not be used in any other way, except by order of the Court or with the consent of the Producing Party.

**G.**  **Inadvertent Failure To Designate**

  26. An inadvertent failure to designate Material as CONFIDENTIAL or CONFIDENTIAL–AEO does not, standing alone, waive the Producing Party's ability to designate the Material as Confidential or Attorneys' Eyes Only Material.  Within seven (7) calendar days of discovery of an inadvertent failure to designate Material as Confidential or Attorneys' Eyes Only Material, a Producing Party shall notify the Receiving Party in writing that the material is to be designated as CONFIDENTIAL or CONFIDENTIAL–AEO.  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The Producing Party shall provide to the Receiving Party substitute copies of the Confidential Material bearing the CONFIDENTIAL or CONFIDENTIAL–AEO designation and the Receiving Party shall destroy, to the extent practicable, copies of the Material that do not bear the CONFIDENTIAL or CONFIDENTIAL–AEO label.

### H.     Filings with the Court Containing Confidential Material or Attorneys' Eyes Only Material

27.     A Party may not file in any public record any Confidential or Attorneys' Eyes Only Material without written permission from the Producing Party or a Court Order.

28.     In the event Confidential or Attorneys' Eyes Only Material is contained in any pleading, motion, exhibit or other submission to the Court, any such submission shall be filed as a Level 1 restricted document pursuant to D.C.COLO.LCivR 7.2.  Restricted documents shall be released from restricted access pursuant only to Court order or the provisions of D.C.COLO.LCivR 7.2(e).  Parties submitting Level 1 restricted documents may also file a redacted copy of the submission that redacts all Confidential or Attorneys' Eyes Only Material therein.

### I.     Challenges to CONFIDENTIAL and CONFIDENTIAL–AEO Designations

29.     Nothing in this Order shall prevent a Receiving Party from contending that Material designated as CONFIDENTIAL or CONFIDENTIAL–AEO has been improperly designated.  All challenges to the propriety of CONFIDENTIAL or CONFIDENTIAL–AEO designations shall be made no later than thirty (30) calendar days after the close of discovery in the Litigation, or thirty (30) calendar days after the Material has been designated as CONFIDENTIAL or CONFIDENTIAL–AEO, whichever is later.  Any such challenge shall be set forth in a written notice, served on Counsel of Record for the Producing Party and all other Parties in the litigation, and identify with particularity the Material the Receiving Party contends should be differently designated.  The Parties shall use best efforts to resolve the challenge promptly and informally.  If the parties cannot resolve the challenge within fourteen (14) calendar days after the Producing Party receives the notice, it shall be the obligation of the

Producing Party to file an appropriate motion requesting that the Court determine whether the disputed information has been properly designated as CONFIDENTIAL or CONFIDENTIAL–AEO. If such a motion is timely filed, the disputed Material shall be treated as Confidential or Attorneys' Eyes Only Material until the Court rules on the motion. If the Producing Party fails to file such a motion within the prescribed time, the Material shall lose its designation and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL–AEO. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL or CONFIDENTIAL–AEO shall bear the burden of establishing good cause exists for the Material to be treated as Confidential or Attorneys' Eyes Only Material.

J. **Material Subpoenaed or Ordered Produced In Other Litigation**

30. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of Confidential Material, the Receiving Party must notify the Producing Party by electronic mail within seven (7) calendar days after receipt of the subpoena or order or prior to the response date for the subpoena, whichever occurs earlier. The electronic mail must attach a copy of the subpoena or order. If required to comply with valid legal process or a court order, the Receiving Party may produce the Producing Party's non-Confidential or non-Attorneys' Eyes Only Material. The Receiving Party may not produce the Producing Party's Confidential or Attorneys' Eyes Only Material, unless legally obligated to do so by a court or administrative order. The Receiving Party also must promptly inform, in writing, the entity that caused the subpoena or order to issue that Confidential Material covered by the subpoena or order is subject to this Order. The Producing Party shall bear the burden and expense of its own efforts seeking to protect of its Confidential Material or Attorneys' Eyes Only Material, but the Receiving Party

shall bear the burden and expense of serving objections to subpoenas based on the confidentiality protections afforded by this Order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive issued in a separate legal proceeding.

K.  **Unauthorized Disclosure of Confidential Material**

31.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material or Attorneys' Eyes Only Material to any person or entity not authorized under this Order, the Receiving Party must immediately, on realizing the disclosure, (a) notify the Producing Party in writing of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Confidential Material or Attorneys' Eyes Only Material; (c) provide a copy of this Order to the person or entity to whom unauthorized disclosures were made; and (d) request such person or entity to execute the "Acknowledgment and Agreement to Be Bound by Protective Order."

L.  **Non-Party Use of The Order**

32.  A Non-Party producing Material in this Litigation voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and shall receive the same level of protection under this Order as a Party. Nothing in this Order prevents a Non-Party from seeking the protections of Fed. R. Civ. P. 26(c).

33.  A Non-Party's use of this Order to protect its Material does not entitle it access to Confidential Material produced by any Party or other Non-Party.

M.     **Effective Date and Duration**

34.     The confidentiality obligations and protections imposed by this Order shall remain in full force and effect after the final, non-appealable disposition of the Litigation (the "Disposition") until a Producing Party agrees in writing otherwise with regard to its Confidential Material or the Court orders otherwise. The Court will retain jurisdiction after the Disposition for purposes of enforcing the provisions of the Order that survive the Disposition.

N.     **Party Responsibilities on Disposition**

35.     Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) calendar days after Disposition, each Receiving Party must destroy or return all Confidential and Attorneys' Eyes Only Material to the Producing Party. Upon request by the Producing Party, the Receiving Party must submit a written confirmation of the return or destruction to the Producing Party by no later than the sixty (60) day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, a single comprehensive set of documents or ESI produced by each of the Parties to the Litigation, legal memoranda, and correspondence or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Material. Archival copies that contain or constitute Confidential or Attorneys' Eyes Only Material remain subject to this Order.

### O.   **Miscellaneous**

36. A notice required by this Order may be waived, in whole or in part, only by a writing signed by Counsel of Record for the Party against whom such waiver will be enforced.

37. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant information in the Litigation. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential or Attorneys' Eyes Only Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in the Litigation.

38. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order. Nothing in this Order abridges the right of any person or entity to assert other objections to discovery. No Party waives a right it has to object, including on the basis of a claimed privilege or immunity, to disclosing or producing Material on any ground not addressed by this Order. No Party waives any right to object to the entry into evidence of any of the Material covered by this Order.

39. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Confidential Material and/or Attorneys' Eyes Only Material pursuant to and/or subject to this Order. Nothing contained herein is intended to or shall serve to

limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

40.     This Order shall not diminish any existing obligation or right held by a Party with respect to Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure occurs.

41.     The Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Confidential Material produced under the protection of this Order shall be resolved by the Court, subject to the appellate rights of the Parties. Every individual who executes an "Acknowledgement and Agreement to be Bound by Protective Order" agrees to subject himself or herself to the jurisdiction of this Court in accord with the terms of that acknowledgement and agreement.

DATED this 2nd day of August, 2019.

BY THE COURT:

s/ Scott T. Varholak
United States Magistrate Judge

APPROVED:

*s/Kammie Cuneo*
Kammie Cuneo
Thomas P. Howard
James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., Suite #100
Phone: (303) 665-9845
Facsimile: (303) 665-9847
Email: thoward@thowardlaw.com
      jjuo@thowardlaw.com
      kcuneo@thowardlaw.com

*Counsel for Plaintiffs*
*Troubleshooter Network, Inc. and*
*Thomas G. Martino*

*s/Alexander C. Clayden*
Alexander C. Clayden
MICHAEL BEST & FRIEDRICH, LLP
1776 Lincoln Street, Suite 1100
Denver, Colorado 80203
Telephone: (720) 745-4877
Fax: (877) 398-5240
Email: acclayden@michaelbest.com

*Counsel for Defendants*
*HomeAdvisor, Inc. and*
*ANGI Homeservices, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  18-cv-02362-WJM-STV

TROUBLESHOOTER NETWORK, INC., *et al*.

      Plaintiffs,

v.

HOMEADVISOR, INC., *et al*.

      Defendants.

---

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

---

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I have been informed of and reviewed the Joint Stipulated Confidentiality Agreement and Protective Order ("Order") in the above-captioned litigation;

5. I will not divulge or otherwise disclose any documents or other information provided to me pursuant to the Order except in accordance with the provisions of the Order;

6. I agree to be subject to the authority and/or jurisdiction of the United States District Court, District of Colorado in the event of any alleged violation or dispute related to this acknowledgement and agreement; and

7. I state under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on _____, 20\_\_ at _____.

Printed or typed name: _____

Signature: _____